IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACKBIRD TECH LLC d/b/a | ) | |
| BLACKBIRD TECHNOLOGIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-283-VAC-CJB |
| | ) | |
| CLOUDFLARE, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## DEFENDANT CLOUDFLARE, INC.'S
## OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

OF COUNSEL:
Steven Callahan
Anthony M. Garza
CHARHON CALLAHAN ROBSON
 & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
(214) 521-6400

Jeffrey T. Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
*Attorneys for Defendant*

Dated: May 11, 2017

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ............................. 1

II.   SUMMARY OF THE ARGUMENT ..................................................................................... 1

III.  STATEMENT OF FACTS ..................................................................................................... 1

IV.  ARGUMENT ........................................................................................................................... 2

      A.   Blackbird Must Plead Facts That Show That It Is Entitled To Relief............................ 2

      B.   The Complaint Fails To State An Enhanced-Damages Claim ........................................ 3

V.   CONCLUSION........................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alicea v. Machete Music*,
    744 F.3d 773 (1st Cir. 2014)..................................................................................5

*Andover Healthcare, Inc. v. 3M Co.*,
    C.A. No. 13-843, 2016 WL 6246360 (D. Del. Oct. 18, 2016) (Stark, J.)...................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................2, 3, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................2

*CG Tech. Dev., LLC v. Zynga, Inc.*,
    No. 16-CV-859, 2017 WL 662489 (D. Nev. Feb. 17, 2017).....................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...........................................................................................5

*Cont'l Circuits LLC v. Intel Corp.*,
    No. 16-CV-2026, 2017 WL 679116 (D. Ariz. Feb. 21, 2017)...................................4

*Cooke v. Mechanick*,
    C.A. No. 11-038, 2011 WL 5522831 (D. Del. Nov. 14, 2011) (Stark, J.)..................6

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465, 473 (D. Del. 2016) (Robinson, J.) ...........................................4

*Dinsio v. Sears, Roebuck & Co.*,
    No. 16-CV-388, 2016 WL 4196682 (N.D. Ohio Aug. 9, 2016).................................6

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    136 S. Ct. 1923, 1930 (2016).............................................................................3, 5

*Jenkins v. LogicMark, LLC*,
    No. 16-CV-751, 2017 WL 376154 (E.D. Va. Jan. 25, 2017) ................................4, 5

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
    C.A. No. 13-335, 2016 WL 6594076 (D. Del. Nov. 4, 2016) (Burke, M.J.)............4

*Scripps Research Inst. v. Illumina, Inc.*,
    No. 16-CV-661, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016)................................5

*Varian Med. Sys., Inc. v. Elekta AB*,
    C.A. No. 15-871, 2016 WL 3748772 (D. Del. July 12, 2016) (Burke, M.J.)...........4

*Vehicle IP, LLC v. AT&T Mobility LLC,*
  C.A. No. 09-1007, 2016 WL 7647522 (D. Del. Dec. 30, 2016) (Stark, J.) .............................4

**STATUTES**

35 U.S.C. § 271(a) ...........................................................................................................5

35 U.S.C. § 284 ........................................................................................................2, 3, 5

35 U.S.C. § 285 ...................................................................................................................2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................1

Federal Rule of Civil Procedure 8 .................................................................................2, 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cloudflare, Inc. ("Cloud-flare") moves to dismiss Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies' ("Black-bird") claim for enhanced damages, and respectfully shows as follows:

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

This is a patent-infringement case. Cloudflare files this motion prior to answering Black-bird's Complaint for Patent Infringement ("Complaint") (D.I. 1).

## II.    SUMMARY OF THE ARGUMENT

Blackbird's Complaint fails to assert facts that plausibly show that Cloudflare could be liable for enhanced damages. Under the Patent Act, the Court may award enhanced damages in lawsuits involving egregious instances of patent infringement. But the Complaint contains no al-legations that Cloudflare had pre-suit knowledge of the patent-in-suit, nor does it allege any facts that show Cloudflare allegedly infringed the patent in an egregious manner. Instead, Blackbird simply requests enhanced damages in its Prayer for Relief. Because the sole allegation in the Prayer for Relief regarding enhanced damages is conclusory, the Court should dismiss Blackbird's en-hanced-damages claim.

## III.    STATEMENT OF FACTS

Blackbird filed its Complaint on March 16, 2017. D.I. 1. The Complaint accuses Cloudflare of infringing United States Patent No. 6,453,335 (the "patent-in-suit") by "by importing, making, using, selling, and/or offering to sell certain web content systems and services as part of its content delivery network[.]" *Id.* ¶ 13. The Complaint does not allege that Blackbird—or anyone else—provided pre-suit notice of alleged infringement to Cloudflare, or that Cloudflare had any knowledge of the patent-in-suit. Accordingly, the Complaint contains no allegations concerning any alleged culpable behavior of Cloudflare.

Nevertheless, in its Prayer for Relief, Blackbird requests that the Court enter judgment against Cloudflare "[a]djudging that this case be [sic] exceptional under 35 U.S.C. § 285 and awarding **enhanced damages**, including costs and attorneys' fees, to Blackbird Technologies[.]" Compl. at 7 (emphasis added).[1]

## IV.    ARGUMENT

### A.    Blackbird Must Plead Facts That Show That It Is Entitled To Relief

Rule 8(a)(2) requires that Blackbird's Complaint contain "a short and plain statement of the claim showing that [Blackbird] is entitled to relief[.]" Blackbird's obligation to provide the "grounds of [its] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the Complaint must, at a minimum, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Pleading facts that are "merely consistent with a defendant's liability, [] stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations and citation omitted). "[W]here the well pleaded facts do not permit the court to

---

[1]    Section 285 does not permit an award of enhanced damages, only an award of "reasonable attorney fees" to the prevailing party in certain instances. Courts may award enhanced damages—"up to three times the amount found or assessed"—under 35 U.S.C. § 284. Cloudflare's motion only seeks dismissal of Blackbird's enhanced-damages claim, not its claim for attorney's fees under 35 U.S.C. § 285.

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.      The Complaint Fails To State An Enhanced-Damages Claim**

The Patent Act provides that, in a case of infringement, "the court may increase the dam-

ages up to three times the amount found or assessed." 35 U.S.C. § 284. In *Halo Electronics, Inc.*

*v. Pulse Electronics, Inc.*, the Supreme Court recently described § 284 as "providing that 'punitive'

or 'increased' damages could be recovered in a case of willful or bad-faith infringement." 136 S.

Ct. 1923, 1930 (2016) (citation and certain quotations omitted). In contrast, typical infringement

cases do not warrant enhanced damages:

> [E]nhanced damages . . . are not to be meted out in a typical infringe-
> ment case, but are instead designed as a "punitive" or "vindictive"
> sanction for egregious infringement behavior. The sort of conduct
> warranting enhanced damages has been variously described in our
> cases as willful, wanton, malicious, bad-faith, deliberate, con-
> sciously wrongful, flagrant, or—indeed—characteristic of a pirate.
> District courts enjoy discretion in deciding whether to award en-
> hanced damages, and in what amount. But through nearly two cen-
> turies of discretionary awards and review by appellate tribunals, the
> channel of discretion ha[s] narrowed, so that such damages are gen-
> erally reserved for egregious cases of culpable behavior.

*Id.* at 1932 (quotations and citations omitted). "[C]ulpability is generally measured against the

knowledge of the actor at the time of the challenged conduct." *Id.* at 1933.[2]

Here, there is no evidence that, at the time Cloudflare made and sold its accused "web

content systems and services," it had any knowledge of the patent-in-suit—nor does the Complaint

allege otherwise. But "[k]nowledge of the allegedly infringed patent is a prerequisite for enhance-

ment[.]" *Andover Healthcare, Inc. v. 3M Co.*, No. 13-CV-843, 2016 WL 6246360, at *3 (D. Del.

---

2      Although "Section 284 allows district courts to punish the full range of culpable behav-
ior[,]" a district court need ***not*** award enhanced damages even in a case of "egregious misconduct."
*Halo*, 136 S. Ct. at 1933.

3

Oct. 18, 2016) (Stark, J.).[3] Nor does the Complaint plead any facts suggesting that the alleged infringement was egregious or culpable. *Jenkins v. LogicMark, LLC*, No. 16-CV-751, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) ("[T]he Court finds that, at a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in *Halo Electronics*.").

Numerous courts have dismissed enhanced-damages claims post-*Halo* when faced with similarly deficient allegations, including:

- *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, No. 13-CV-335, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) ("[Plaintiff's Third Amended Complaint] fails to state a claim for pre-complaint willful infringement against both Defendants. This is because, as explained above, [it] fails to sufficiently allege that, prior to the service of the original Complaint, Defendants had knowledge of the '129 patent.") (Burke, M.J.).

- *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-CV-871, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) ("Here, the Court concludes that Plaintiff's Complaint clearly falls short of the pleading requirements. . . . [T]he Complaint does not sufficiently articulate how the U.S. Defendants' making, using or offering for sale of the Gamma Knife Icon actually amounted to an egregious case of infringement of the patent. Plaintiff's pre-suit and post-suit willful infringement claim against the U.S. Defendants is thus subject to dismissal.") (citation omitted) (Burke, M.J.).

- *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) ("Given the implausible inferences related to pre-suit knowledge, the court grants the motion to dismiss the FAC as it relates to pre-complaint willfulness.") (Robinson, J.).

- *Cont'l Circuits LLC v. Intel Corp.*, No. 16-CV-2026, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) ("Knowledge remains [post-*Halo*] a key factor in determining willfulness. For this reason, Plaintiff's failure to plead sufficient facts to show Intel's knowledge of the patents is fatal to its willfulness claim.") (citations omitted).

---

[3]    Pre-suit knowledge of the patent is not, on its own, sufficient to support an award of enhanced damages. *See, e.g.*, *Vehicle IP, LLC v. AT&T Mobility LLC*, No. 09-CV-1007, 2016 WL 7647522, at *8 (D. Del. Dec. 30, 2016) ("[A] party's pre-suit knowledge of a patent is not sufficient, by itself, to find 'willful misconduct' of the type that may warrant an award of enhanced damages.") (Stark, J.).

- *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 16-CV-859, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is egregious . . . beyond typical infringement. Plaintiffs have simply made the conclusory allegations that Defendant was aware of the '818 Patent and that the 'continued offer, use, and promotion of its infringing social casino products . . . constitutes willful and egregious infringement behavior.") (citations and quotations omitted).[4]

Here, the sole allegation in the Complaint directed to enhanced damages is the conclusory request in Blackbird's Prayer for Relief where Blackbird simply asks the Court to award enhanced damages under a statute that does not provide for them.[5] Compl. at 7; *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). This allegation—which simply requests relief—does not suffice to state a claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Alicea v. Machete Music*, 744 F.3d 773, 781 (1st Cir. 2014) ("[T]he prayer for relief is no part of the cause of action, and the plaintiffs cannot now flesh out this inadequately pleaded claim on appeal[.]") (citation and quotations omit-

---

[4]   *See also Jenkins*, 2017 WL 376154, at *5 (dismissing claim where "[a]t no point in the Complaint does Jenkins allege facts from which the Court could infer that LogicMark had actual notice of the patents-in-suit or that Defendant's actions were 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'") (citations omitted); *Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661, 2016 WL 6834024, at *7 (S.D. Cal. Nov. 21, 2016) ("The Court concludes that these allegations fail to state a claim for willful infringement because Plaintiff fails to plausibly allege that Defendant had knowledge of the '596 patent during the relevant period.").

[5]   At best, the Complaint states a run-of-the-mill claim for direct infringement, which is a strict-liability offense. *See, e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Under [35 U.S.C. § 271(a)], a defendant's mental state is irrelevant. Direct infringement is a strict-liability offense."). In such a "garden-variety" case, enhanced damages are inappropriate. *Halo*, 136 S. Ct. at 1935; *see also id.* (Section 284 "limit[s] the award of enhanced damages to egregious cases of misconduct beyond typical infringement").

ted); *Cooke v. Mechanick*, No. 11-CV-38, 2011 WL 5522831, at *3 (D. Del. Nov. 14, 2011) (dismissing "conclusory" claims contained in prayer for relief) (Stark, J.); *Dinsio v. Sears, Roebuck & Co.*, No. 16-CV-388, 2016 WL 4196682, at *2 (N.D. Ohio Aug. 9, 2016) ("[A] claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages.") (citations and quotations omitted).

## V.    CONCLUSION

For these reasons, the Court should dismiss Blackbird's enhanced-damages claim.

Respectfully submitted,

*/s/ Jeffrey T. Castellano*

OF COUNSEL:

Steven Callahan
Anthony M. Garza
CHARHON CALLAHAN ROBSON
 & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
(214) 521-6400

Jeffrey T. Castellano (No. 4837)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
*Attorneys for Defendant*

Dated: May 11, 2017

6