UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBIRD TECH LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>CLOUDFLARE, INC.,<br><br>             Defendant. | Case No.  17-cv-06112-VC<br><br>**ORDER REQUESTING ADDITIONAL BRIEFING**<br><br>Re: Dkt. No. 38 |

   Blackbird Tech LLC is ordered to file a supplemental brief, no longer than 10 pages, by January 15, 2018.  The hearing scheduled for January 11, 2018 on the motion to dismiss is vacated.  If the Court determines that a hearing is necessary before deciding the motion, it will schedule one, likely for January 25, 2018, at 10:00 a.m. in Courtroom 2.  Blackbird's supplemental brief must address the following issues:

   1. Blackbird argues that the patentability of the '335 patent is analogous to *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).  But in *Bascom*, the Federal Circuit determined that the patent at issue was directed to an abstract idea.  *Id.* at 1348.  Does Blackbird have any other authority to support the proposition that the '335 patent is not directed to an abstract idea – specifically the abstract idea of reviewing data and modifying (or replacing) that data based on a set of fixed rules?

   2.  Blackbird makes no effort to distinguish *EasyWeb Innovations, LLC v. Twitter, Inc.*, 689 F. App'x 969 (Fed. Cir. 2017); *Smartflash LLC v. Apple Inc.*, 680 F. App'x 977 (Fed. Cir. 2017); and *Clarilogic, Inc. v. FormFree Holdings Corp.*, 681 F. App'x 950 (Fed. Cir. 2017).  Why do these cases not control the inquiry into whether the '335 patent is directed to an abstract

idea?

3. Blackbird argues that a number of cases cited by Cloudflare are distinguishable because the patents at issue in those cases used "computers simply as tools."  Dkt. No. 77 at 14.  But the Federal Circuit has made clear that an abstract idea is not patentable merely because it has been applied to improve the functionality of some aspect of computing.  *See Intellectual Ventures I LLC v. Erie Indemnity Company*, 850 F.3d 1315, 1328-29 (Fed. Cir. 2017).  Blackbird must address why *Intellectual Ventures* does not control the outcome of the inventive concept inquiry in this case.  Blackbird should specifically address why the '335 patent claims do not "simply . . . limit[] an abstract idea to one field of use."  *Id.* at 1328.  Moreover, Blackbird should explain why the use of an XML tag in *Intellectual Ventures I* is not analogous to the use of "a predetermined property [e.g., an HTTP status code or HTML tag]" in the '335 patent.  Dkt. No. 77 at 7; *see Intellectual Ventures*, 850 F.3d at 1328 ("[T]he recitation of an index employing XML tags to navigate a computerized database is simply not enough to transform the patent-ineligible abstract idea here into a patent-eligible invention.").

4. It appears that an inventive concept could only arise from an ordered combination of claim elements in the '335 patent, and not any single element of any claim.  Blackbird should address why the ordered combination of steps in the '335 patent claims are not analogous to the steps addressed in the patent at issue in *TDE Petroleum Data Solutions, Inc., v. AKM Enterprise, Inc.* 657 F. Appx. 991, 993 (Fed. Cir. 2016) ("[N]one of TDE's arguments show that some inventive concept arises from the ordered combination of these steps, which, even if true, would be unpersuasive given that they are the most ordinary of steps in data analysis and are recited in the ordinary order.").

5. In *Bascom*, the Federal Circuit determined that the patent at issue there contained an inventive concept because the patent described the "installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user."  827 F.3d at 1350.  The '335 patent claims do not appear to describe any comparably "specific [and] discrete implementation" of an abstract idea that warrants a determination that the

'335 patent contains an inventive concept.  *Id.*  Instead, the general and abstract nature of the claims in the '335 patent seem to cover almost any means of analyzing and modifying data between a server and client.  *See id.* at 1350 (noting that Bascom's claims do not "preempt all ways of filtering content on the Internet").  Blackbird should explain why *Bascom* nonetheless supports a finding that the '335 patent contains an inventive concept.

**IT IS SO ORDERED.**

Dated: January 8, 2018

_____
VINCE CHHABRIA
United States District Judge