UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBIRD TECH LLC, <br><br>       Plaintiff, <br><br>    v. <br><br>CLOUDFLARE, INC., <br><br>       Defendant. | Case No. 17-cv-06112-VC <br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING MOTION TO DISMISS** <br><br>Re: Dkt. No. 37 |
| BLACKBIRD TECH LLC, <br><br>       Plaintiff, <br><br>    v. <br><br>INCAPSULA, INC., <br><br>       Defendant. | Case No. 17-cv-06883-VC <br><br>Re: Dkt. No. 25 |

      Cloudflare's motion for judgment on the pleadings and Incapsula's motion to dismiss are granted.

      Abstract ideas are not patentable. The '335 patent is directed to the abstract idea of monitoring a data stream and modifying that data when a specific condition is identified. *See, e.g., Intellectual Ventures I LLC v. Capital One Financial Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1313-14 (Fed. Cir. 2016); *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016); *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016). The limitations in representative claims 1 and 18 "recite generic computer, network and Internet components, none of which is inventive by itself." *Bascom*, 827 F.3d at 1349. Both claims

describe a "processing device" that monitors a preexisting data stream between a server and a client for a specific condition and modifies that stream when that condition is present.  But the patent makes clear the processing device can be generic hardware, such as a filter, router, or proxy, or generic software.  U.S. Patent No. 6,453,335 col. 7 ll. 11-14, col. 7 ll. 22-24, col. 8 ll. 5-9 (Sept. 17, 2002).

Dependent claims 8 and 24 identify a specific condition for the processing device to monitor: a data transmission rate below a set threshold.  Identifying a specific condition narrows the scope of these claims.  But this additional limitation is not inventive; it is simply a conventional application of the broader idea.  *See Intellectual Ventures I LLC v. Erie Indemnity Co.*, 850 F.3d 1315, 1328-29 (Fed. Cir. 2017) ("While limiting the index to XML tags certainly narrows the scope of the claims, in this instance, it is simply akin to limiting an abstract idea to one field of use or adding token post solution components that do not convert the otherwise ineligible concept into an inventive concept.").  A patent that uses generic components can contain an inventive concept if those generic pieces are arranged in a "non-conventional and non-generic" way.  *Bascom*, 827 F.3d at 1350.  But the '335 patent does not attempt to patent a discrete and non-conventional means of monitoring and modifying a data stream.  In fact, the claims make clear the processing device used to monitor and modify data can be nearly anything and can be placed nearly anywhere, so long as the processing device is not the server that originates the data stream.  In other words, the patent attempts to monopolize the abstract idea of monitoring a preexisting data stream between a server and a client for a specific condition and modifying that stream when that condition is present.

Judgment is granted to Cloudflare.  Dismissal of the action against Incapsula is with prejudice.  The clerk of the court is directed to close both cases.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
VINCE CHHABRIA
United States District Judge