```
                                          PAGES 1 - 12

               UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

            BEFORE THE HONORABLE VINCE CHHABRIA

BLACKBIRD TECH LLC D/B/A BLACKBIRD )
TECHNOLOGIES,                      )
                                   )
           PLAINTIFF,              )
                                   )
  VS.                              ) NO. 17-CV-6112 VC
                                   )
CLOUDFLARE, INC.,                  )
                                   ) SAN FRANCISCO, CALIFORNIA
           DEFENDANT.              ) THURSDAY
_____) FEBRUARY 8, 2018

BLACKBIRD TECH LLC D/B/A BLACKBIRD )
TECHNOLOGIES,                      )
                                   )
           PLAINTIFF,              )
                                   )
  VS.                              ) NO. 17-CV-6883 VC
                                   )
INCAPSULA, INC.,                   )
                                   )
           DEFENDANT.              )
_____)
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  11:20 A.M. – 11:33 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF**          BLACKBIRD TECHNOLOGIES
                           ONE BOSTON PLACE, SUITE 2600
                           BOSTON, MASSACHUSETTS 02108
                     **BY:  DAVID ALEXANDER GERASIMOW, ESQUIRE**

(FURTHER APPEARANCES ON FOLLOWING PAGE)


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
                  *RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES (CONTINUED):**

| | |
|---|---|
| **FOR DEFENDANT** | CHARHON, CALLAHAN, ROBSON AND GARZA<br>3333 LEE PARKWAY<br>SUITE 460<br>DALLAS, TEXAS 75219<br>**BY: ANTHONY MATTHEW GARZA, ESQUIRE** |
| | POLSINELLI LLP<br>THREE EMBARCADERO CENTER<br>SUITE 2400<br>SAN FRANCISCO, CALIFORNIA 94111<br>**BY: MARGAUX AZURIN SAVEE, ESQUIRE** |
| **FOR DEFENDANT**<br>**INCAPSULA** | FENWICK & WEST LLP<br>555 CALIFORNIA STREET<br>12TH FLOOR<br>SAN FRANCISCO, CALIFORNIA 94104<br>**BY: MICHAEL JOHN SACKSTEDER, ESQUIRE** |
| | FENWICK AND WEST LLP<br>SILICON VALLEY CENTER<br>801 CALIFORNIA STREET<br>MOUNTAIN VIEW, CALIFORNIA 94041<br>**BY: JESSICA LEE BENZLER, ESQUIRE** |

```
 1   THURSDAY, FEBRUARY 8, 2018                            11:20 A.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6                             PROCEEDINGS
 7         THE CLERK:  CALLING CASE NO. 17-CV-6112, BLACKBIRD
 8   TECH, LLC, VERSUS CLOUDFLARE, INC.  AND 17-CV-6883 BLACKBIRD,
 9   LLC, VERSUS INCAPSULA, INC.
10         COUNSEL, PLEASE STEP FORWARD AND STATE YOUR
11   APPEARANCES FOR THE RECORD.
12         MR. GERASIMOW:  DAVID GERASIMOW FOR PLAINTIFF
13   BLACKBIRD TECHNOLOGIES.
14         THE COURT:  GOOD MORNING.
15         MR. GERASIMOW:  GOOD MORNING.
16         MR. GARZA:  ANTHONY GARZA FOR DEFENDANT CLOUDFLARE,
17   INC., AND WITH ME IS MARGAUX SAVEE.
18         AND ALSO WE HAVE SOMEONE FOR INCAPSULA.
19         MR. SACKSTEDER:  YES.  GOOD MORNING, YOUR HONOR.
20   MICHAEL SACKSTEDER FROM FENWICK & WEST ON BEHALF OF INCAPSULA.
21   WITH ME IS MY COLLEAGUE JESSICA BENZLER.
22         THE COURT:  GOOD MORNING.
23         "GERASIMOV," IS THAT HOW YOU PRONOUNCE IT?
24         MR. GERASIMOW:  "GERASIMOW."
25         THE COURT:  SORRY.  MR. GERASIMOW, I GUESS -- YOU
```

1  KNOW, WE'VE DONE A LOT OF BRIEFING. I GUESS MAYBE I SHOULD
2  JUST ASK YOU TO TAKE ONE MORE CRACK AT EXPLAINING TO ME WHY
3  THIS IS NOT AN ABSTRACT IDEA.
4      **MR. GERASIMOW:** SURE. I THINK THE --
5      **THE COURT:** AND I WANT -- I'M SORRY. LET ME ASK A
6  SLIGHTLY MORE SPECIFIC QUESTION. I WANT IT WITH SPECIFIC
7  REFERENCE TO LANGUAGE IN THE PATENT. SO I WANT YOU TO SHOW ME
8  THE LANGUAGE IN THE PATENT THAT SHOWS ME THAT IT'S NOT AN
9  ABSTRACT IDEA.
10     **MR. GERASIMOW:** SURE. AND TO CLARIFY, YOUR HONOR
11 MEANS THE CLAIMS?
12     **THE COURT:** YES. OR ANYTHING IN THE PATENT.
13     **MR. GERASIMOW:** OKAY. I'LL START WITH THE CLAIMS.
14 THE TWO ASSERTED CLAIMS HERE ARE CLAIMS 8 AND 24.
15 AND I THINK TAKING 24, FOR EXAMPLE, IF THE ABSTRACT IDEA IS
16 MODIFYING IN-TRANSIT DATA, THEN WITH THIRD-PARTY DATA THEN I
17 THINK WE HAVE A LOT IN CLAIM 24, WHICH, OF COURSE, INCORPORATES
18 THE REQUIREMENTS OF 28 THAT DISTINGUISHES.
19 I THINK WE HAVE A PROCESSING DEVICE, AND I THINK
20 THERE'S SOME ISSUE OF WHAT EXACTLY THAT IS. I THINK IT'S A
21 CLAIM CONSTRUCTION ISSUE.
22     **THE COURT:** IS THERE ANY SPECIFICITY AS TO WHAT THE
23 PROCESSING DEVICE IS, BEYOND JUST A PROCESSING DEVICE?
24     **MR. GERASIMOW:** YES. IT'S A --
25     **THE COURT:** IN THE PATENT? WHERE? WHERE IN THE

1 PATENT?

2 **MR. GERASIMOW:** IN THE PATENT --

3 **THE COURT:** YEAH.

4 **MR. GERASIMOW:** I BELIEVE THE PATENT GIVES --
5 CERTAINLY GIVES PRIMARY EXAMPLES OF A PROXY SERVER FILTER.

6 **THE COURT:** IT GIVES A LOT OF EXAMPLES, BUT IS
7 THERE -- IS THERE ANYTHING TO NARROW IT DOWN FROM JUST A
8 PROCESSING DEVICE, WHAT THE PATENT CLAIMS?

9 **MR. GERASIMOW:** WELL, I THINK THAT ONE COMES TO THE
10 PATENT WITH THE MINDSET OF A PERSON OF ORDINARY SKILL IN THE
11 ART, AND SO I THINK THAT, IN THE CONTEXT OF INTERNET
12 COMMUNICATIONS, IT WOULD BE LIMITED BEYOND, FOR INSTANCE --

13 **THE COURT:** SO ANY PROCESSING DEVICE THAT COULD BE
14 INVOLVED IN INTERNET COMMUNICATIONS?

15 **MR. GERASIMOW:** PERHAPS.  IT WOULD HAVE TO BE
16 INTERMEDIATE BETWEEN THE SERVER AND THE CLIENT.  AND THE CLAIMS
17 THEMSELVES ALSO SPECIFY THAT IT'S --

18 **THE COURT:** SO ANY PROCESSING DEVICE THAT COULD BE
19 USED -- THAT COULD BE USED AS AN INTERMEDIARY.  OKAY.  ANY
20 PROCESSING DEVICE.

21 **MR. GERASIMOW:** SEPARATE FROM THE SERVER.

22 THE PREDETERMINED PROPERTY IS ANOTHER THING.  AGAIN,
23 I THINK IT'S A CLAIM CONSTRUCTION ISSUE.

24 **THE COURT:** WHAT ARE WE -- WHAT ARE WE LOOKING AT
25 NOW?

1    **MR. GERASIMOW:** I'M LOOKING AT CLAIM 18, THE FIRST
2    INDENTED ELEMENTS WHICH BEGINS, "A PROCESSING DEVICE." IT'S --
3    IN THE MIDDLE THERE'S "A PREDETERMINED PROPERTY," AND I THINK
4    THAT'S --
5    **THE COURT:** WAIT. HOLD ON. READ ME THE LANGUAGE.
6    **MR. GERASIMOW:** SURE.
7    **THE COURT:** "PROCESSING DEVICE DISTINCT FROM SAID
8    INTERNET SERVER FROM MONITORING SAID EXISTING DATA
9    CHANNEL."
10   OKAY. LET'S ASSUME WE HAVE NOTHING SO FAR.
11   "FOR A DATA COMMUNICATION HAVING A
12   PREDETERMINED PROPERTY."
13   SO WHAT -- SO YOU'RE FOCUSING ON "PREDETERMINED
14   PROPERTY." WHAT DOES THAT GIVE YOU?
15   **MR. GERASIMOW:** IT GIVES US THE MEANS FOR HOW ANY
16   MODIFICATION OF A IN-TRANSIT COMMUNICATION WOULD BE DONE.
17   IF THAT WEREN'T THERE, RIGHT, WE SEE LATER ON THAT
18   THIS DATA COMMUNICATION WITH THAT PROPERTY IS DETECTED. I
19   THINK IN THE CONTEXT OF THE BACKGROUND SECTION, THAT THE
20   PREDETERMINED PROPERTY ISN'T JUST ANY DATA. I THINK WITHIN THE
21   CONTEXT OF THE PATENT IT ISN'T JUST ANY DATA. IT IS A PROPERTY
22   OF THE PROTOCOLS GOVERNING THE COMMUNICATION BETWEEN INTERNET,
23   CLIENT, AND SERVER.
24   **THE COURT:** OKAY. ANYTHING ELSE?
25   **MR. GERASIMOW:** YES. I THINK THERE'S THE THIRD-PARTY

|   |   |
|---|---|
| 1 | DATA SOURCE, WHICH THE PATENT EXPLAINS IS A DATABASE, AND THAT |
| 2 | IS CONNECTED TO THE PROCESSING DEVICE THAT -- |
| 3 | **THE COURT:** SO ANY THIRD-PARTY DATA SOURCE? |
| 4 | **MR. GERASIMOW:** NO, SIR. IT WOULD BE A DATABASE |
| 5 | THAT'S CONNECTED TO THE PROCESSING DEVICE, AND, FOR INSTANCE, |
| 6 | ISN'T CONNECTED TO THE SERVER, WHICH WOULD BE ANOTHER WAY, |
| 7 | POTENTIALLY, OF MODIFYING COMMUNICATIONS. |
| 8 | I THINK, FURTHER, THAT WHEN WE SEE IN CLAIM 24, THAT |
| 9 | EMBRACES IN COMBINATION WITH THE DATA WITH THE PREDETERMINED |
| 10 | PROPERTY, THE IDEA THAT THE PREDETERMINED PROPERTY IS A |
| 11 | PROTOCOL PROPERTY THAT'S INDICATIVE OF AN ERROR EXPERIENCED AT |
| 12 | THE SERVER THAT RELATES TO -- |
| 13 | **THE COURT:** WAIT. SORRY. YOU LOST ME. YOU'RE |
| 14 | LOOKING AT 24 NOW? |
| 15 | **MR. GERASIMOW:** YES. |
| 16 | **THE COURT:** OKAY. AND WHAT LANGUAGE ARE YOU LOOKING |
| 17 | AT? |
| 18 | **MR. GERASIMOW:** WELL, I'M LOOKING AT THE CLAIM AS A |
| 19 | WHOLE. |
| 20 | "DATA IS ONLY TRANSMITTED ON SAID |
| 21 | THIRD-PARTY DATA CHANNEL WHEN THE DATA |
| 22 | TRANSMISSION RATE OF SAID SERVER TO SAID |
| 23 | CLIENT IS BELOW A PREDETERMINED THRESHOLD." |
| 24 | AND I THINK IN THE CONTEXT OF THE PATENT WHAT THAT |
| 25 | MEANS IS -- AND, PARTICULARLY, I'M REFERRING TO COLUMN 5, AT |

1  ABOUT LINE 53, END OF COLUMN 5, WHICH HELPS INTERPRET WHAT THAT
2  CLAIM 24 IS ABOUT --
3             **THE COURT:**  OKAY.
4             **MR. GERASIMOW:**  -- IN CONJUNCTION WITH CLAIM 18.
5             IT'S THAT THE SERVER EXPERIENCES AN ERROR.  THAT
6  SERVER ISSUES A PROTOCOL PROPERTY THAT INDICATES THAT THERE'S
7  AN ERROR AND THAT IT'S A TRANSMISSION-RELATED ERROR, AND IT'S
8  THEN COMMUNICATED BACK THROUGH THE INTERMEDIATE DEVICE, WHICH
9  DETECTS IT, AND, BASED ON THE DETECTION OF THAT PARTICULAR
10 PROPERTY, LINKS WITH THE THIRD-PARTY DATABASE TO INCORPORATE OR
11 MODIFY THE COMMUNICATION.  FOR INSTANCE, AN ADDITIONAL
12 EXPLANATION OF THAT ERROR THAT SERVER EXPERIENCED.
13            **THE COURT:**  OKAY.  WELL, LET ME GO BACK TO THAT CLAIM
14 LANGUAGE OF 24.
15            **MR. GERASIMOW:**  SURE.
16            **THE COURT:**  OKAY.  ALL RIGHT.  ANYTHING ELSE?
17            **MR. GERASIMOW:**  I THINK IF WE'RE FOCUSING
18 SPECIFICALLY ON --
19            **THE COURT:**  AND YOU'RE ASSERTING CLAIM 24 IN THIS
20 CASE?
21            **MR. GERASIMOW:**  YES.
22            **THE COURT:**  OKAY.  ALL RIGHT.
23            **MR. GERASIMOW:**  I THINK THOSE ARE THE ELEMENTS THAT
24 REALLY CALL OUT THE MEANS BEYOND THE SUPPOSED ABSTRACT IDEA,
25 YES.

```
1              THE COURT:  OKAY.
2              SO WAS IT MR. GARZA?
3              MR. GARZA:  YES, SIR.
4              THE COURT:  MR. GARZA, WHAT -- ON THAT LAST POINT
5    REGARDING CLAIM 24, CAN YOU RESPOND JUST TO THAT?
6              MR. GARZA:  SURE.  SO CLAIM 24 WE DON'T BELIEVE HAS
7    ANYTHING TO DO WITH THE PREDETERMINED PROPERTY LANGUAGE ON
8    CLAIM 18.  BUT BLACKBIRD IS CLAIMING -- AND THEY DID IN THEIR
9    REPLY -- IS WHAT CLAIM 24 REQUIRES IS THAT THE PROCESSING
10   DEVICE FIND A PREDETERMINED PROPERTY THAT IS AN ERROR CODE
11   ABOUT THE RATE OF TRANSMISSION ON THE SERVER AND REACT TO THAT
12   TO DETERMINE WHETHER OR NOT PAST DATA FROM THE PROCESSING
13   DEVICE BACK TO THE CLIENT.
14             INSTEAD, WHAT CLAIM 24 IS ABOUT IS SHOWN AT COLUMN 3
15   OF THE PATENT AT LINE 63.
16             THE COURT:  WELL, SO, LET'S GET TO THAT IN A MOMENT.
17             BUT CLAIM 24 DOES SAY, "THE APPARATUS OF CLAIM 18,"
18   RIGHT?
19             MR. GARZA:  YES.
20             THE COURT:  AND CLAIM 18 DESCRIBES AN APPARATUS
21   COMPRISING A NUMBER OF THINGS, RIGHT?
22             MR. GARZA:  CORRECT.
23             THE COURT:  INCLUDING:
24                  "DEVICE DISTINCT FROM THE
25             INTERMEDIATE SERVER FOR MONITORING SAID
```

```
 1                EXISTING DATA CHANNEL FOR A DATA

 2                COMMUNICATION HAVING A PREDETERMINED

 3                PROPERTY."

 4           SO YOU'RE SAYING THAT YOU DON'T BELIEVE THAT THE --

 5    THIS CONCEPT OF HAVING A PREDETERMINED PROPERTY IS INCORPORATED

 6    INTO CLAIM 24?

 7           MR. GARZA:  NO.  SO IF YOU LOOK AT THE LANGUAGE OF

 8    CLAIM 24 --

 9           THE COURT:  OKAY.

10           MR. GARZA:  IT SAYS:

11                "WHEREIN DATA IS ONLY TRANSMITTED

12                ON SAID THIRD-PARTY CHANNEL."

13           SO, AGAIN, THE PREDICATE HERE IS LOOKING AT THE DATA

14    THAT IS TRANSMITTED ON THE THIRD-PARTY CHANNEL.

15           THE COURT:  OKAY.

16           MR. GARZA:  AND HERE THAT'S THE DATA THAT'S SENT FROM

17    THE PROCESSING DEVICE BACK TO THE CLIENT AND I GUESS THE

18    PRIMARY EMBODIMENT.

19           THE COURT:  OKAY.

20           MR. GARZA:  IT LIMITS THAT.  IT SAYS THAT ONLY

21    HAPPENS IN A CERTAIN CIRCUMSTANCE.

22           THE COURT:  OKAY.

23           MR. GARZA:  WHEN THE DATA TRANSMISSION RATE OF SAID

24    SERVER TO SAID CLIENT IS BELOW A PREDETERMINED THRESHOLD.

25           THE COURT:  OKAY.
```

1  **MR. GARZA:** SO IT'S MEASURING THE BANDWIDTH. ALL
2  IT'S DOING IS MEASURING THE BANDWIDTH AND DECIDING BASED ON THE
3  BANDWIDTH WHETHER TO SERVE SOMETHING.
4       IT DOES NOT REFERENCE PROPERTY. IT DOES NOT
5  REFERENCE PREDETERMINED PROPERTY. IT DOES REFERENCE
6  PREDETERMINED THRESHOLD, BUT THAT'S SOMETHING DIFFERENT.
7  THAT'S JUST THE PROGRAMMING. YOU KNOW, YOU PROGRAMMED A
8  CERTAIN BANDWIDTH FOR IT TO ACT ON AND SOME NOT TO.
9       CLAIM 24 IS CERTAINLY NOT THE CRUX OF THE INVENTION
10 HERE EITHER. IF YOU LOOK AT THE ABSTRACT AND YOU LOOK AT THE
11 INDEPENDENT CLAIMS, IF YOU'RE TRYING TO COME UP WITH THE IDEA
12 THAT'S BEING IMPLICATED HERE, IT IS THE IDEA OF MONITORING AND
13 MODIFYING IN-TRANSIT COMMUNICATIONS.
14      THIS IS A NARROWING. THIS IS SOMETHING WHERE, LOOK,
15 YOU'RE NOT GOING TO DO IT ALL THE TIME. WHEN YOU'VE GOT
16 SOMETHING THAT YOU NOTICED AND MODIFIED, YOU'RE NOT ALWAYS
17 GOING TO SEND IT; YOU'RE GOING TO CHECK THE BANDWIDTH FIRST.
18      BUT THAT'S NOT THE TYPE OF THING -- THAT'S NOT THE
19 TYPE OF DEPENDENT CLAIM LIMITATION THAT IS LIKE THAT AT ISSUE
20 IN *BASCOM* WHERE IT'S SOMETHING THAT WAS INVENTIVE, YOU KNOW,
21 SOMETHING THAT WAS NEW, SOMETHING THAT FURTHERED THE POINT OF
22 THE INVENTION.
23      THIS IS MORE LIKE AN XML CODE. THIS IS MORE LIKE A
24 NARROWING, JUST LIMITING THE SCOPE OF THE INVENTION TO CERTAIN
25 FIELDS AND CERTAIN TIMES.

1 **THE COURT:** OKAY. DO YOU WANT A LAST WORD?

2 **MR. GERASIMOW:** SURE. I THINK IT'S CLEAR THAT
3 CLOUDFLARE COUNSEL RAISES A CLAIM CONSTRUCTION ISSUE ABOUT WHAT
4 THESE MEAN. I THINK THAT I REFERENCED COLUMN 5 BEFORE. THAT'S
5 WHAT'S BEING EXPLAINED HERE, AND WHAT IS CAPTURED. THERE'S NO
6 SUPPORT FOR A SUBSTANTIALLY BROADER READING OF CLAIM 24.

7 ALSO, SAY THAT THE XML CODE THAT CLOUDFLARE COUNSEL
8 MENTIONED IN -- I BELIEVE IN REFERENCE TO THE *ERIE* CASE THAT
9 YOUR HONOR ASKED ABOUT. THIS IS NOT A NARROWING. THIS IS AN
10 INVENTION HAVING TO DO WITH THOSE SERVER RELATED ERRORS THAT --
11 I'M SORRY -- SERVER ERRORS RELATED TO BANDWIDTH TRANSMISSION
12 RATES.

13 SO IT DIDN'T JUST DO THIS WITH XML OR ANY OTHER
14 PROTOCOL. IT IS THE USE OF THE PROTOCOL THAT IS INVENTIVE AND,
15 IN PARTICULAR, THE USE OF A PROTOCOL INDICATIVE OF A
16 TRANSMISSION RATE ERROR AT THE SERVER.

17 **THE COURT:** OKAY. I'LL GIVE IT A LITTLE BIT MORE
18 THOUGHT AND THEN ISSUE AN ORDER. THANK YOU.

19 **MR. GERASIMOW:** THANK YOU.

20 **MR. GARZA:** THANK YOU.

21 (PROCEEDINGS ADJOURNED AT 11:33 A.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jmcolumbini*

JOAN MARIE COLUMBINI

FEBRUARY 28, 2018